IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RIK SARGENT,

    Petitioner,

vs.                             Case No. 4:08cv175-SPM/WCS

WALTER A. McNEIL,

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 10, 2008. Doc. 1. Respondent filed a motion to dismiss the petition as untimely, and Petitioner filed a reply. Docs. 5 and 7. References to exhibits are to the paper copies provided with the motion to dismiss. *See* doc. 5-2 in ECF (electronic case filing) (electronically filed index to exhibits).

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later commencement date applies. § 2244(d)(1)(A). The limitations

period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).

Respondent asserts that Petitioner's conviction became final on September 18, 2005, and so the one year period expired on September 18, 2006, absent tolling activity in state court. The parties agree that the critical legal issue is whether Petitioner's motion for award of county jail credit, filed pursuant to Fla.R.Crim.P. 3.800(a), should be considered filed (for tolling purposes) on September 19, 2005, pursuant to the prison mailbox rule. Doc. 5, p. 8; doc. 7, p. 1.[1] If it was filed on that date rather than the date received by the clerk of court, Respondent concedes the § 2254 petition is timely. Doc. 5, p. 8.

The mailbox rule applies in Florida to pro se petitioners who are incarcerated. Haag v. State, 591 So.2d 614, 617 (Fla. 1992), adopting the rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). "Under the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in

---

[1] Respondent does not assert that the mailbox rule has no application to the determination of when a document is filed in state court for tolling purposes, but that it does not apply under the facts of this case. As Florida has adopted the mailbox rule (as set forth ahead), this court has generally assumed that a document is considered filed in a Florida court for tolling purposes when delivered to prison authorities for mailing. *See* Causey v. Cain, 450 F.3d 601, 604-605 (5th Cir. 2006) (mailbox rule determines date of filing document in Louisiana court for tolling purposes as Louisiana applies that rule; distinguishing an earlier Fifth Circuit case involved documents filed in Texas, which had not adopted the rule); Fernandez v. Artuz, 402 F.3d 111, 115-116 (2d Cir.), *cert. denied*, 546 U.S. 816 (2005) (applying mailbox rule to determine when New York coram nobis petition was properly filed for tolling purposes; though state rules specified that motions would be considered filed on receipt, there was no deadline for a coram nobis petition so New York Courts would never have to decide the applicability of the mailbox rule for such petitions); Huizar c. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (the mailbox rule applies to prisoners filing habeas petitions in both federal and state courts).

time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials." 591 So.2d at 617 (citation omitted). The Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So.2d 324, 326 (Fla. 2000); Griffin v. Sistuenck, 816 So.2d 600, 601-602 (Fla. 2002) (quoting Thompson).

A certificate of service need not use the particular language of Thompson or Fla.R.App.P. 9.420[2] to invoke the mailbox rule. Griffin, 816 So.2d at 601-602 (language that prisoner certified that a copy was furnished, by mail, to the clerk of court and an assistant attorney general, was sufficient). The dissent disagreed, because (unlike in Thompson) "the certificate of service filed by Griffin does not state it was given to prison officials on a particular date. The certificate indicates copies were mailed to the clerk of court and the assistant attorney general on a particular date," and this did not satisfy the requirement of Thompson. 816 So.2d at 603 (J. Quince, dissenting). The presumption set forth in Thompson "shifts the burden to the State to prove the document was not relinquished in a timely fashion to State officials." Bulley v. State, 857 So.2d 237, 239

---

[2] Rule 9.420 of the Florida Rules of Appellate Procedure, codifies the mailbox rule for documents filed by pro se prisoners, and tracks the language of Thompson. Griffin, 816 So.2d at 602; Bulley v. State, 857 So.2d 237, 239 (Fla. 2d DCA 2003) (the rule "track[s] verbatim the language in the [Thompson] case."

(Fla. 2d DCA 2003); see also Quilling v. Price, 894 So.2d 1061, 1063 (Fla. 5th DCA 2005) ("[a] pleading that contains a certificate of service dated prior to the expiration for timely filing is sufficient to invoke the 'mailbox rule.' ") (citing Griffin).

Respondent asserts that Petitioner is not entitled to application of the mailbox rule as he did not comply with Florida Administrative Code § 33-210.102, codified in response to Haag and its progeny.  Doc. 5, pp. 10-12.  Specifically, § 33-210.102(8)(b) provides:

> Inmates shall present all outgoing legal mail unsealed to the mail collection representative to determine, in the presence of the inmate, that the correspondence is legal mail and that it contains no unauthorized items. . . .  If the outgoing mail is legal mail and it contains no unauthorized items, the mail collection representative shall stamp the document(s) to be mailed and the inmate's copy, if provided by the inmate, "Provided to (name of institution) on (blank to insert date) for mailing."  The mail collection representative shall then have the inmate initial the document(s) next to the stamp.  For confinement areas, the staff member who picks up the legal mail each day shall stamp the documents, have the inmate place his or her initials next to the stamp, and have the inmate seal the envelope in the staff member's presence.  The use of mail drop boxes for outgoing legal mail is prohibited.

Respondent contends that an inmate's legal mail would lack a date stamp only if the inmate failed to follow these procedures, or expressly indicated he did not want the date stamp. Id., p. 11 and Ex. W.

The factual background regarding the motion for jail credit is as follows. Petitioner wrote a letter of inquiry to the clerk of court, seeking information on his motion for award of county jail credit, filed pursuant to Fla.R.Crim.P. 3.800(a) on or about September 19, 2005.  Ex. K.  The notice of inquiry was not dated by Petitioner or stamped by the institution, but was filed in the criminal case on March 3, 2006. Id.  The

same day it was received, the clerk responded to the letter by forwarding copies. Ex. L.[3]

Petitioner responded to the clerk's response, again with an undated and unstamped letter. Ex. M. In the letter, filed by the clerk on March 15, 2006, Petitioner said that he had been sent the order denying his motion for reduction or modification of sentence,[4] but his letter of inquiry instead pertained to his motion for award of county jail credit which he sent on September 19, 2005. *Id.* A letter from the clerk dated March 21, 2006, advised that "[n]o Motion for award of County Jail Credit has been received." Ex. N.

Petitioner then apparently sent to the clerk another copy of the jail credit motion, which was file stamped on April 4, 2006. Ex. O.[5] This motion does not bear a date

---

[3] The copies are not identified in the clerk's response or attached to the copy in this court's file.

[4] This motion was filed pursuant to Fla.R.Crim.P. 3.800(c). Ex. I. The certificate of service was dated August 5, 2005, and the institution stamp (initialed by Petitioner) bears the same date. *Id.* Petitioner's motion set forth family circumstances, his prior record, his remorse despite a finding at sentencing that he showed no remorse, his personal history, the fact of prison overcrowding, and that he would not pose a danger to the community. *Id.*, pp. 2-6. Petitioner "beseech[ed] the court to have mercy and find favor with" him. *Id.*, p. 6. The motion was denied by order file-stamped on September 13, 2005, but not actually *docketed* by the clerk until March 3, 2006 (almost six months later). Exs. J and A (docket, p. 9) respectively. The dates are irrelevant, however, because a plea for mercy under Fla.R.Crim.P. 3.800(c), authorizing the trial court to "reduce or modify . . . a *legal sentence* imposed by it," is "not an 'application for State post-conviction or other collateral review with respect to the pertinent judgment' under § 2244(d)(2)" and does not toll the limitations period. Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1296 (11th Cir. 2008) (emphasis added).

[5] *See also* Ex. A, p. (docket entry of April 4, 2006). Given the timing of this filing following Petitioner's correspondence with the clerk, it does not appear (and is not alleged) that this was the original motion mailed on September 19, 2005.

stamp by the institution. The motion is styled for the Second Judicial Circuit, Leon County, and bears the criminal case number. *Id.*, p. 1. The certificate of service certifies that: "a true copy of the forgoing Motion For Award of County Jail Credit has been placed in the hands of Mayo Correctional Institution officials for mailing by U.S. Mail to the State Attorney's Office; Leon County Courthouse . . . on the [sic] September 19, 2005." *Id.*, p. 3.

Respondent concedes that a copy of this motion *was* mailed, around the date on the certificate of service, to the State Attorney's Office; it was received on September 22, 2005. Doc. 5, pp. 3 (n. 1) and 13 (n. 3). The copy received on that date also lacked the institutional date stamp. *Id.*, p. 3, n. 1. Respondent notes that Petitioner may have mailed the copy to the State Attorney and yet not mailed it to the clerk of the state trial court. *Id.*, p. 13, n. 3. Still, it is claimed that "the critical fact in this case" is "that Petitioner *chose* not to avail himself of the required regulatory procedures followed at Mayo Correctional Institution that would have established the date he provided his motion to prison officials for filing. Since Petitioner *chose* not to do so, he is not entitled to the benefit of the mailbox rule." *Id.* (emphasis by Respondent).

The court can find no support under Florida law for the proposition that compliance with § 33-210.102(8)(b) is necessary for application of the mailbox rule as set forth in Haag and Thompson. Indeed, a Florida court has rejected the claim that the date stamped on the mailing envelope should control over the date stamped on the face of the motion because the former was initialed by a prison official and the latter was not. Westley, 903 So.2d at 313 . "Whether a prison official initials the date has no legal significance. Nothing in the rules requires prison officials to initial a motion's date, and

such a requirement appears to run counter to current case law." *Id.*, at 314 (citation omitted). It was noted that "the Florida Administrative Code suggests that the initials on an envelope are more likely to be an inmate's than a prison official's." *Id.*, citing § 33-210.102(8)(b).

Respondent cites, *inter alia*, Lofton v. United States, 2007 WL 1789117 (M.D. Fla. 2007). In that case, applying the one year limitations period for federal prisoners under § 2255, the court found that the date of the certificate of service on a § 2255 motion was not the date of filing under the mailbox rule, because the motion was not submitted to the clerk of court but only to the United States Attorney on that date. *Id.*, at *1. The court noted that a prisoner cannot invoke the mailbox rule "if his document is filed late because of his failure to affix proper postage, to properly address outgoing mail, or to follow reasonable prison regulations governing outgoing legal mail." *Id.* (emphasis and citation omitted).

The Eleventh and Ninth Circuits have been presented with the mailbox rule situation, as here, where the document at issue was not actually received or filed by the court. Allen v. Culliver, 471 F.3d 1196, 1198 (11th Cir. 2006); Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001) (both involving notice of appeals, governed by the mailbox rule as codified in Fed.R.App.P. 4(c)). Huizar the court found the mailbox rule applies to a petition never received or filed by the court*, if* the prisoner "diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time of the petition. 273 F.3d at 1222-23. The Eleventh Circuit in Allen found the rule could apply, but rejected the additional diligence requirement:

> Once there has been a finding of fact that a timely notice of appeal was in fact delivered to the proper prison authorities (proper postage prepaid) for mailing to the district court, there is no room, either in *Houston* or in Fed.R.App.P. 4(c), for the operation of a diligence requirement.

471 F.3d at 1198. Diligence (and any other relevant circumstances) *could* be considered, however, in determining the factual issue of whether and when the document was delivered to prison authorities for mailing to the court. *Id.* The burden of proof would be on the state if the prisoner had satisfied the requirement of declaring (on the mailed document) the date of deposit with prison officials and that postage had been pre-paid. 471 F.3d at 1198-99 and n. 2 (also noting this burden was suggested by Houston).

Florida courts also apply the mailbox rule to determine timeliness of a motion not received by the court. *See* Mathews v. State, 958 So.2d 1104 (Fla. 4th DCA 2007) (reversing trial court's summary denial of motion for leave to re-file Fla.R.Crim.P. 3.850 motion, it was not a request to file a belated motion but to re-file a motion which allegedly was timely delivered for mailing but then lost or misplaced; remanding for an evidentiary hearing); Pagan v. State, 899 So.2d 1203, 1204-05 (Fla. 2d DCA 2005) (reversing denial of 3.850 motion as untimely where petitioner moved to "refile" and claimed his original motion had been timely delivered to prison authorities for mailing, remanding for an evidentiary hearing).[6] Indeed, the rule was applied where the

---

[6] In each of those cases the original motion was not filed, but the record contained two inquiries or letters to the clerk regarding the status of the motion. Mathews, 958 So.2d at 1104; Pagan, 899 So.2d at 1204. In Pagan, as here, the attempt to refile followed notification from the clerk that there was no record of the motion. 899 So.2d at 1204.

Case No. 4:08cv175-SPM/WCS

document was not filed *and* had been sent to the trial judge rather than the clerk of court:

> Although the notice of appeal was not received by the clerk of the trial court, petitioner has satisfactorily demonstrated that a notice of appeal was timely mailed pursuant to [Haag]. Transmittal of the notice to the trial judge rather than the clerk of court was sufficient to invoke jurisdiction.

Johnson v. State, 718 So.2d 909, 910 (Fla. 1st DCA 1998) (citation omitted).

The certificate of service on Petitioner's motion for jail credit reflects delivery for mailing on September 19, 2005. Both of Petitioner's inquiries to the trial court referenced the motion as filed or sent on September 19, 2005. While the certificate expressly states that a copy of the motion was being delivered to prison officials for mailing to the State Attorney, the document itself was addressed to the trial court. *Compare* with Ex. I (motion for modification which was received by the clerk, certificate of service reflects a copy given to prison officials for mailing to the Attorney General). The form certificate of service provided set forth in Fla.R.App.P. 9.420(d)(2) requires a pro se inmate to "certify that I placed this document in the hands of ... (here insert name of institutional official) ... for mailing to ... (here *insert name or names*) ... on ... (date) ..." (emphasis added). [7] A traditional certificate of service, whether under the Florida rules or as seen in this court, does not reflect service on the court but on opposing parties or counsel.

---

[7] The rule was amended in 2005 in response to the request in the Griffin opinion that a separate certificate of service for use by pro se inmates be adopted. Amendments to the Florida Rules of Appellate Procedure, 894 So.2d 202, 205 (Fla. 2005). The amendment also provides that a certificate of service in compliance with this format is taken as prima facie proof of service. Rule 9.420(d); 894 So.2d at 205.

Case No. 4:08cv175-SPM/WCS

The court therefore rejects Respondent's argument that Petitioner is not entitled to the benefit of the mailbox rule if he failed to comply with the procedure of obtaining a stamp from the institution bearing the date and the inmate's initials.  There is a presumption that a pro se prisoner's document was filed on the date specified in the certificate of service, and Respondent has not rebutted this presumption.  The motion to dismiss should be denied, and Respondent directed to file an answer.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss, doc. 5, be **DENIED**, that Respondent be given 30 days from entry of the order adopting this recommendation to file an answer, and that Petitioner be given 30 days from receipt of the answer in which to file a reply, if any.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2009.


  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv175-SPM/WCS